UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JESUS BENITEZ, | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
|     v. | )   CAUSE NO. 1:08-CV-310 |
| | ) |
| WIESE COMPANIES, INC., et al. | ) |
| | ) |
|     **Defendants.** | ) |

## OPINION AND ORDER

Before the Court is a proposed stipulated protective order, which the parties submitted without a motion. As the proposed order contains several deficiencies, it will be DENIED.

First, the order's definition of "confidential" is impermissibly broad. It seeks to protect any "[d]ocuments to be produced by [Mitsubishi Caterpillar Forklift America, Inc.] in this litigation that contain confidential information". (Proposed Stipulated Protective Order ¶ 1.) These documents include "all written material, videotapes and all other tangible items, produced in whatever format . . . and on whatever media . . . ." (Proposed Stipulated Protective Order ¶ 2.)

Federal Rule of Civil Procedure 26(c)(7) allows the Court to enter a protective order for good cause shown. *See Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 946 (7th Cir. 1999). However, the protective order submitted by the parties provides no basis for finding good cause, as the proposed order makes no effort to specify why the purported protected materials are confidential and could be used by third parties to Mitsubishi's detriment. "[M]erely asserting that a disclosure of the information 'could' harm a litigant's competitive position is insufficient; the motion must explain how." *Shepard v. Humke*, IP 01-1103-C-H/K, 2003 WL 1702256, at *1 (S.D. Ind. Mar. 28, 2003) (citing *Baxter Int'l, Inc. v. Abbott Labs.,* 297

F.3d 544, 547 (7th Cir. 2002)).

Also, under *Cincinnati Insurance*, a protective order must only extend to "properly demarcated categor[ies] of legitimately confidential information." *Cincinnati Insurance*, 178 F.3d at 946; *see also MRS Invs. v. Meridian Sports, Inc.*, No. IP 99-1954-C-F/M, 2002 WL 193140, at *1 (S.D. Ind. Feb. 6, 2002) (rejecting proposed protective order because categories of protected information were overly broad and vague); *Cook Inc. v. Boston Scientific Corp.*, 206 F.R.D. 244, 248-49 (S.D. Ind. 2001); *Andrew Corp. v. Rossi,* 180 F.R.D. 338, 342 (N.D. Ill. 1998). Here, the order contains an expansive definition of confidential information lacking in specifics. Consequently, the Court is not satisfied that the parties know what information constitutes protected "confidential" information. *See Cincinnati Insurance*, 178 F.3d at 946. Indeed, if the Court were to approve this order, the parties would be left with a "virtual carte blanche . . . to seal whatever portions of the record the party wanted to seal," as the proposed order is not limited to the discovery phase of the proceedings. *Id.* The Seventh Circuit has repeatedly held that overly broad protective orders are invalid. *See, e.g., id.* at 945 (noting that a broad protective order granting carte blanche discretion to a party is invalid).

And finally, *Cincinnati Insurance* specifies that protective orders may only issue if the order "makes explicit that either party and any interested member of the public can challenge the secreting of particular documents." *Id.* Here, the proposed order contains no such language.

Obtaining a protective order in an appropriate case need not be a[n] onerous task. But such an order may not issue absent an appropriate showing of good cause, as well as adherence to the other limitations the Seventh Circuit has emphasized apply to such orders." *Shepard*, 2003 WL 1702256, at *2. Of course, the parties may submit a revised protective order consistent with

2

the requirements of Rule 26(c)(7) and Seventh Circuit case law, *together with a motion*, but what has been submitted thus far is inadequate.

For these reasons, the Court hereby DENIES approval of the proposed stipulated protective order submitted by the parties. SO ORDERED.

Enter for this 1st day of July, 2009.

S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge