UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JESUS BENITEZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO. 1:08-CV-310 |
| ) | |
| WIESE COMPANIES, INC., et al., ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER DENYING APPROVAL
## OF STIPULATED PROTECTIVE ORDER

On July 1, 2009, this Court denied a proposed stipulated protective order submitted by the parties. (Docket # 38.) Now before the Court is a joint motion by the parties seeking the Court's approval of a revised proposed stipulated protective order. (Docket # 46.) As the revised proposed order, which extends beyond the discovery phase of the proceedings, is still overly broad, it will be DENIED.

To begin, the proposed order's definition of "Confidential Discovery Material" is impermissibly broad:

1.  Proprietary licensing, distribution, marketing, design, development, research and manufacturing information regarding forklift products, whether previously or currently marketed or under development;

2.  Testing and related documents and other information to the extent not otherwise publicly available;

3.  Information concerning competitors;

4. Production information;

5. Information submitted to any governmental or regulatory agency, which information is exempt from public disclosure; and

6. Non-public, commercial, sales or profits information.

(Revised Proposed Stipulated Protective Order ¶ 3(a).) A protective order must extend only to "properly demarcated categor[ies] of legitimately confidential information." *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945-46 (7th Cir. 1999) (noting that a broad protective order granting carte blanche discretion to a party is invalid); *see MRS Invs. v. Meridian Sports, Inc.*, No. IP 99-1954-C-F/M, 2002 WL 193140, at *1 (S.D. Ind. Feb. 6, 2002) (rejecting proposed protective order because categories of protected information were overly broad and vague); *Cook Inc. v. Boston Scientific Corp.*, 206 F.R.D. 244, 248-49 (S.D. Ind. 2001); *Andrew Corp. v. Rossi,* 180 F.R.D. 338, 342 (N.D. Ill. 1998).

Several categories in the definition of confidential information proposed by the parties appear overly inclusive. For example, the order fails to convincingly explain how *all* "production information", "information concerning competitors", "commercial, sales or profits . . . information" is confidential. "[M]erely asserting that a disclosure of the information 'could' harm a litigant's competitive position is insufficient; the motion must explain how." *Shepard v. Humke*, IP 01-1103-C-H/K, 2003 WL 1702256, at *1 (S.D. Ind. March 28, 2003) (citing *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 547 (7th Cir. 2002)). Federal Rule of Civil Procedure 26(c)(7) allows the Court to enter a protective order for good cause shown.

And, the incorporation of the phrase "non-public", "exempt from public disclosure" and "not otherwise publicly available" in the definition of confidential information is also overly

broad and vague.

> 'Non-public' is too vague. If it means only that the information is not available to the general public, then it is insufficient because the information must be kept secret from and not be readily ascertainable by potential competitors. . . . If the parties seek non-trade secret protection for any . . . information, they must present reasons for protection and criteria for designation other than simply that the information is not otherwise publicly available. They must describe a category or categories of information and show that substantial privacy interests outweigh the presumption of public access to discovery material.

*Cook*, 206 F.R.D. at 248-49. For material to be protected, it "must give the holder an economic advantage and threaten a competitive injury -- business information whose release harms the holder only because the information is embarrassing or reveals weaknesses does not qualify for trade secret protection." *Id.* Here, just because the Defendants do not generally release certain information to the public, does not necessarily mean that the release of such information will rise to the level of causing competitive harm or creating a competitive advantage for others.

Finally, the proposed order endeavors to cause documents "containing" confidential information to be filed under seal (*see* Revised Proposed Stipulated Protective Order ¶¶ 3, 12), rather than solely protecting the actual confidential material. *See Cincinnati Insurance*, 178 F.3d at 945 (stating that an order sealing documents containing confidential information is overly broad because a document containing confidential information may also contain material that is not confidential, in which case a party's interest in maintaining the confidential information would be adequately protected by redacting only portions of the document). In that regard, the proposed order fails to incorporate any method of redaction.

The Seventh Circuit has repeatedly held that overly broad protective orders are invalid. *See, e.g., id.* at 945. "Obtaining a protective order in an appropriate case need not be a[n]

3

onerous task. But such an order may not issue absent an appropriate showing of good cause, as well as adherence to the other limitations the Seventh Circuit has emphasized apply to such orders." *Shepard*, 2003 WL 1702256, at *2; *see generally Cincinnati Insurance*, 178 F.3d at 945 ("[T]he public at large pays for the courts and therefore has an interest in what goes on at all stages of a judicial proceeding.").

Of course, the parties may submit a revised protective order consistent with the requirements of Rule 26(c)(7) and Seventh Circuit case law, but what has been submitted thus far is inadequate. For these reasons, the Court hereby DENIES approval of the revised proposed stipulated protective order submitted by the parties (Docket # 46).

SO ORDERED.

Enter for this 9th day of September, 2009.

S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge